# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANK J. ANDERSON,                      :
                                        :      Civil Action No. 08-5183 (SRC)
                   Petitioner,          :
                                        :
              v.                        :      **OPINION**
                                        :
BERNARD GOODWIN, et al.,                :
                                        :
                   Respondents.         :


**APPEARANCES:**

> FRANK J. ANDERSON, Petitioner <u>pro se</u>
> 96 West 26th Street
> Bayonne, New Jersey 07002
>
> KIMBERLY YONTA, ESQ.
> HUDSON COUNTY PROSECUTOR'S OFFICE
> 595 Newark Avenue
> Jersey City, New Jersey 07306
> Counsel for Respondents

**CHESLER,** District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Frank J. Anderson, in October 2008. The State of New Jersey filed a response to the habeas petition on July 22, 2009, with a copy of the relevant state court record. (Docket entry no. 9). On August 25, 2009, petitioner sought additional time to reply to the State's answer. He also filed an application for appointment of counsel. On January 22, 2010, petitioner filed a motion to stay his federal habeas proceedings while he exhausts his state court remedies with respect to his jury selection claim based on a recent New Jersey Supreme Court ruling applicable to his claim.

(Docket entry no. 12).  The state respondents oppose a stay of this case.  (Docket entry no. 13).  For the reasons stated below, this Court will deny Petitioner's motion for a stay and abeyance as moot because Petitioner's habeas petition is time-barred under 28 U.S.C. § 2244(d).

## I.  PROCEDURAL BACKGROUND

Petitioner, Frank J. Anderson ("Anderson"), was indicted by a Hudson County Grand Jury on December 22, 1995, on the following charges: (Count One) first degree aggravated sexual assault by sexual penetration during the commission or attempted commission of a burglary, contrary to N.J.S.A. 2C:14-2a; (Count Two) first degree aggravated sexual assault by sexual penetration while armed with a weapon, contrary to N.J.S.A. 2C:14-2a; (Count Three) second degree sexual assault by sexual penetration with the use of physical force or coercion, contrary to N.J.S.A. 2C:14-2c; (Count Four) third degree aggravated criminal sexual contact during the commission or attempted commission of a burglary, contrary to N.J.S.A. 2C:14-3a; (Count Five) third degree aggravated criminal sexual contact while armed with a weapon, contrary to N.J.S.A. 2C:14-3a; (Count Six) fourth degree criminal sexual contact with the use of physical force or coercion, contrary to N.J.S.A. 2C:14-3b; (Count Seven) second degree burglary while armed with a deadly weapon, contrary to N.J.S.A. 2C:18-2; (Count Eight) third degree burglary, contrary to

2

N.J.S.A. 2C:18-2; (Count Nine) third degree possession of a knife for an unlawful purpose, contrary to N.J.S.A. 2C:39-4d; and (Count Ten) fourth degree possession of a knife under circumstances not manifestly appropriate for such lawful uses as it may have, contrary to N.J.S.A. 2C:3-5d.  (See Indictment at State's Answer, pp. 15-16; Ra5[1] and Docket entry no. 9-13 at pp. 16-18).  Anderson pled not guilty to the charges and made a pretrial motion to suppress his statements to the police. On July 30, 1997, the Honorable Jose L. Fuentes, J.S.C., denied the motion to suppress.  (2T 81:5-82-21; 85:13-85:16).[2]

Anderson was tried before a jury in August 1997.  On August 15, 1997, the jury convicted Anderson on Counts Two, Three, Five,

---

[1]  "Ra" refers to the state court record as submitted by the respondents in answer to this habeas petition.

[2]  "T" refers to the state court transcripts provided by the respondents with the state court record, as follows:

| | |
|---|---|
| 1T | July 29, 1997 jury selection transcript |
| 2T | July 30, 1997 motion transcript |
| 3T | July 30, 1997 jury selection transcript |
| 4T | August 4, 1997 jury selection transcript |
| 5T | August 5, 1997 jury selection transcript |
| 6T | trial transcript dated August 5, 1997 |
| 7T | trial transcript dated August 12, 1997 (Vol. I) |
| 8T | trial transcript dated August 12, 1997 (Vol. II) |
| 9T | trial transcript dated August 13, 1997 (Vol. I) |
| 10T | trial transcript dated August 13, 1997 (Vol. II) |
| 11T | trial transcript dated August 14, 1997 |
| 12T | trial transcript dated August 15, 1997 |
| 13T | PCR hearing transcript dated August 5, 2004 |
| 14T | PCR decision transcript dated October 21, 2004 |
| ST | sentencing transcript dated February 13, 1998 |

Six, Nine and Ten.  (12T 50:8-54:14).  The jury acquitted petitioner of the remaining Counts One, Four, Seven, and Eight. (Id.).  Judge Fuentes sentenced Anderson on February 13, 1998 to an aggregate term of twenty (20) years imprisonment with a ten year parole disqualifier.  (ST 39:13-22).

On June 5, 1998, Anderson filed a direct appeal from his conviction and sentence, nunc pro tunc, before the Superior Court of New Jersey, Appellate Division.  The Appellate Division affirmed the conviction and sentence in an opinion filed on December 6, 2000.  (Ra8).  Anderson filed a petition for certification with the Supreme Court of New Jersey, which was denied on March 27, 2001.  (Ra14).  Anderson did not file a writ of certiorari with the United States Supreme Court.

On or about January 11, 2002, Anderson submitted a motion to compel discovery and release documents, relating to the police reports and investigation of the crime, all grand and petit jury lists for the years 1995 through 1999, and copies of alleged complaints and related police reports and statement made and/or filed by the victim in this matter.  (Docket entry no. 1-2, at Exhibit D).  On March 13, 2002 and June 26, 2002, the state court informed Anderson by separate letters that he must file a proper post-conviction relief ("PCR") petition before he can make a motion to compel the discovery requested.  The Court further suggested that petitioner contact the Office of the Public

4

Defender with respect to receiving assistance with obtaining the requested documents. (<u>Id</u>.).

On February 27, 2003, Anderson filed a <u>pro se</u> PCR petition. He was assigned counsel on March 4, 2003, and submitted a supplemental brief on March 3, 2004. A hearing was conducted before the Honorable Paul M. De Pascale, J.S.C., on August 5, 2004. (13T). Judge De Pascale rendered an oral decision denying the PCR petition on October 21, 2004. (14T). A written Order denying the PCR petition was filed on December 8, 2004. Anderson then filed a motion for reconsideration on December 14, 2004, with respect to the sentencing issue. (<u>See</u> Ra24; Petitioner's Exhibit G at Docket entry no. 1-4, pp. 20-21). The state requested that the motion for reconsideration be held in abeyance until the Supreme Court of the United States decided the applicability of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). On February 21, 2006, the State filed a letter in opposition to petitioner's motion for reconsideration, arguing that petitioner was not entitled to a new sentencing hearing because <u>Blakely</u> and <u>State v. Natale II</u>, 184 N.J. 458 (2005) did not apply to such sentencing claims raised on collateral review. (Ra28).

On March 7, 2006, Judge De Pascale issued a letter opinion and separate Order denying Anderson's motion for reconsideration of his state PCR petition. (Ra30). Anderson appealed to the Appellate Division. On July 18, 2007, the Appellate Division

affirmed the denial of the PCR petition.  The court found
Anderson's ineffectiveness of counsel claims to be "without any
merit, especially in view of his confession and the overwhelming
evidence of guilt produced at trial to counter the defense of
consent."  The court further held petitioner's claim of a grossly
disproportionate sentence to be "clearly without merit."
(Ra36).  Anderson filed a letter in lieu of a formal petition for
certification before the New Jersey Supreme Court.  (Ra37).
Certification was denied on October 22, 2007.  (Ra41).

Thereafter, on or about October 16, 2008, Anderson filed
this habeas petition under 28 U.S.C. § 2254.[3]  His petition sets
forth the following grounds for habeas relief: (A) Petitioner was
denied due process and equal protection by the state court's
refusal to reverse the conviction based on the State's failure to

---

[3]  Pursuant to the "prison mailbox rule," a habeas petition
is deemed filed on the date the prisoner delivers it to prison
officials for mailing, not on the date the petition is ultimately
filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71
(1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir.
1988) (applying prison mailbox rule set forth in Houston, which
dealt with filing of an appeal, to a pro se prisoner's filing of
a habeas petition).  Although the Court is unable to determine
the exact date that Anderson handed his petition to prison
officials for mailing, Anderson signed a certification of his
petition on October 16, 2008.  See Henderson v. Frank, 155 F.3d
159, 163-64 (3d Cir. 1988) (using date prisoner signed petition
as date he handed it to prison officials for purposes of
calculating timeliness of habeas petition).  Accordingly, the
Court finds that October 16, 2008 was the date this petition was
filed for purposes of calculating the timeliness of the petition,
and not the date the petition was received by the Clerk of the
Court on October 20, 2008.

disclose <u>Brady</u>[4] material; (B) Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel; (C) Petitioner did not receive a full, fair and adequate hearing with respect to his state PCR proceeding; and (D) Petitioner's counsel on appeal from denial of his state PCR petition was ineffective.[5] (Petition at ¶ 12A-D).

On July 22, 2009, the State answered the habeas petition and provided the relevant state court record. The State asserts that petitioner's claims lack merit and fail to raise federal constitutional claims for relief. The State also argues that some of the claims are unexhausted, and that the petition itself is time-barred. (Docket entry no. 9).

On January 22, 2010, Anderson filed a motion to stay his habeas proceedings and for appointment of counsel. Anderson's request for a stay and abeyance of his federal habeas petition was based on a recent New Jersey Supreme Court ruling, <u>State v. Osorio</u>, 199 N.J. 486 (2009), regarding the standard for establishing a prima facie case of group bias during jury selection. (Docket entry no. 12). However, Anderson has not raised this issue on collateral review in state court at this

---

[4]   <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[5]   This claim of ineffective assistance of state PCR counsel is subject to dismissal pursuant to 28 U.S.C. § 2254(i).

time, even though he seeks a stay of these federal habeas
proceedings for that purpose.

The State filed opposition to petitioner's request for a
stay and abeyance on February 1, 2010. The State contends that
the Osorio case involves the state court's interpretation of a
state constitutional issue, thus there is no federal
constitutional question. Moreover, nothing precludes petitioner
from returning to state court to arguing his state constitutional
claim. Finally, the State argues that the claim is time-barred,
and therefore a stay is not appropriate especially where the new
claim was not raised in his original untimely petition filed on
October 16, 2008. (Docket entry no. 13).

## II.  FACTUAL BACKGROUND

The facts of this case were recounted below and this Court,
affording the state court's factual determinations the
appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply
reproduce the factual recitation as set forth in the unpublished
opinion of the Superior Court of New Jersey, Appellate Division,
decided on December 6, 2000, with respect to petitioner's direct
appeal from his judgment of conviction and sentence:

> Defendant was charged with sexually assaulting a woman
> identified as M.O. M.O. testified that while in bed in her
> apartment in Bayonne, she awoke and found defendant sitting
> on top of her, pressing a knife against her, and demanding
> that she submit to his sexual acts. She described her
> unsuccessful attempts to free herself or persuade defendant
> to leave, and she also described his activities, including
> vaginal penetration, all accomplished while he threatened

8

her with a knife.  Eventually, M.O. said, after she
persuaded defendant to release her to get a drink of water,
she seized a pellet gun she had in her apartment, threatened
defendant with the gun, and forced him to leave with all his
clothing left behind.  M.o. then called the police, they
arrived, identified defendant from the driver's license and
other papers in his clothing, and proceeded to arrest him.

Defendant's version of the incident was that he and M.O. had
engaged in consensual sex until, at a point when he was
unable to perform further because of intoxication, she drew
the pellet gun and chased him from the apartment.  He denied
using a knife or employing any force or coercion.

(R2, May 1, 2003 Appellate Division Opinion, at pp. 2-7).

## III.   <u>ANALYSIS</u>

### A.   <u>Pro Se Pleading</u>

Anderson brings his habeas petition as a pro se litigant.  A
pro se pleading is held to less stringent standards than more
formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S.
97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A
pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  <u>See Royce
v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney
General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v.
Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399
U.S. 912 (1970).

B.   Statute of Limitations Analysis

The State argues that this habeas petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d).[6]  The limitation period for a § 2254 habeas petition is set forth in § 2244(d),[7] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

---

[6]  For the reasons set forth infra, the Court agrees that the petition is time-barred, but does not concur with the State's calculation of the limitations period as set forth in respondent's answer.

[7]  Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Anderson's judgment of conviction was entered on February 13, 1998. He had appealed from the conviction and sentence, and the New Jersey Supreme Court denied certification on March 27, 2001. Thus, under § 2241(d)(1), direct review concluded, and Anderson's judgment of conviction became final 90 days after March 27, 2001, or on June 26, 2001. Thus, Anderson had one year from June 26, 2001, or until June 26, 2002, to timely file his federal habeas petition.

However, by statute, the limitations period may be tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[8] during the period between a lower state court's decision

---

[8] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form

and the filing of a notice of appeal to a higher court, <u>Carey v.</u>
<u>Saffold</u>, 536 U.S. 214 (2002), and through the time in which an
appeal could be filed, even if the appeal is never filed, <u>Swartz</u>
<u>v. Meyers</u>, 204 F.3d at 420-24.  See <u>Lawrence v. Florida</u>, 549 U.S.
327, 332 (2007) ("[T]he statute of limitations is tolled only
while state courts review a state post-conviction application.").
Nevertheless, "the time during which a state prisoner may file a
petition for writ of certiorari in the United States Supreme
Court from the denial of his state post-conviction petition does
not toll the one year statute of limitations under 28 U.S.C.
§ 2244(d)(2)."  <u>Stokes v. District Attorney of the County of</u>
<u>Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S.
959 (2001); <u>see also Lawrence</u>, 549 U.S. at 333.

   Moreover, the limitations period of § 2244(d) may be subject
to equitable tolling under limited circumstances.  <u>Fahy v. Horn</u>,
240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001);
<u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New</u>
<u>Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir.
1998).  "Generally, a litigant seeking equitable tolling bears

---

of the document, the time limits upon its delivery, the court and
office in which it must be lodged, and the requisite filing fee. In
some jurisdictions the filing requirements also include, for
example, preconditions imposed on particular abusive filers, or
on all filers generally. But in common usage, the question
whether an application has been "properly filed" is quite
separate from the question whether the claims <u>contained in the</u>
<u>application</u> are meritorious and free of procedural bar.  <u>Artuz v.</u>
<u>Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations
omitted).

the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[9]  Even where extraordinary circumstances exist, however,

---

[9]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, it is apparent from the state court record, which petitioner does not dispute, that Anderson filed his first state PCR motion on February 27, 2003, almost eight months after the one-year statute of limitations period had expired under 28 U.S.C. § 2244(d)(1), on June 26, 2002. Therefore, because there was no pending state PCR petition on or before June 26, 2002, Anderson cannot invoke statutory tolling under 28 U.S.C. § 2244(d)(2), for any of the one-year time period between June 26, 2001 through June 26, 2002.

Consequently, because no statutory tolling applies from June 26, 2001 through February 27, 2003, when Anderson filed his state PCR petition, a total of 661 days had elapsed from when his one-year limitations period began to run. While Anderson's state PCR petition was deemed timely filed under state law, the time from February 27, 2003 through October 22, 2007, when the state PCR proceedings were under review in state court, would have otherwise served to toll the limitations period if the

14

limitations period had not already expired. See Lawrence, 549 U.S. at 332 ("[T]he statute of limitations is tolled only while state courts review a state post-conviction application."). Anderson filed his federal habeas petition on or about October 16, 2008, or 360 days after state collateral review ended on October 22, 2007. Thus, this habeas petition was untimely for a total of 971 days, well beyond the one-year limitations period under § 2244(d). Accordingly, the petition must be dismissed as time-barred.

Moreover, Anderson fails to provide any basis for equitable tolling. First, Anderson does not expressly address the issue of time bar in this matter. However, he spends considerable time arguing that his efforts to obtain discovery and release of documents was thwarted or ignored by his PCR counsel. This would appear to suggest that petitioner was diligent in pursuing his claims.

Nevertheless, Anderson cannot show any of the extraordinary circumstances necessary to allow equitable tolling. He does not allege that he was actively misled or prevented from timely asserting his rights in a PCR proceeding in some extraordinary way. He also does not show that he asserted his rights in the wrong forum or that the court misled him. At best, Anderson can allege that he filed a motion to compel discovery in state court in error. However, the state court expressly informed Anderson several times by letter that he must file a proper PCR petition

15

and suggested that petitioner seek the Public Defender's Office for assistance.  Anderson did not heed this guidance until eight months after the limitations period had expired when he filed a pro se PCR petition on February 27, 2003.

Thus, at best, it would appear that Anderson may be suggesting that no time bar should apply because he diligently pursued his rights in state court, and he should not be held to a strict application of § 2244(d).  The Court assumes that Anderson may be contending that his state PCR petition was filed in good faith within the five-year time period allowed under state law. But this argument presumes that as long as a petitioner attempts to exhaust state-court remedies prior to initiating suit in federal court, then any state PCR application can serve to toll the limitations period, even if filed outside the one-year federal statute of limitations.  A similar argument was declined by the Supreme Court in Pace.[10]  There, the Supreme Court

---

[10]   The United States Supreme Court has held that where a state court has rejected a PCR petition as untimely, it is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2).  Pace v. Diguglielmo, 544 U.S. 408 (2005). "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception."  Pace, 544 U.S. at 413.
    Thus, where a state court has rejected a state PCR petition as untimely, it was not "properly filed" and petitioner is not entitled to statutory tolling under § 2244(d)(2).  This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey, 536 U.S. at 225-26 ("If the California Supreme Court had clearly ruled that Saffold's 4½ month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it

16

observed that "a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."  544 U.S. at 413.

Therefore, while Anderson's state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions. Consequently, Anderson's state PCR petition did not serve to toll the limitations period under § 2244(d)(2).

Moreover, this Court finds that Anderson can not claim his ignorance of the law or his miscalculation of the statute of limitations to excuse his late habeas petition under equitable tolling.  Federal courts have consistently held that miscalculation of the time remaining on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  See Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Furthermore, even if Anderson was ignorant of the fact that his limitations period began to run on June 26, 2001, this ignorance of the law, even for an incarcerated pro se

---

also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002)("both aspects of a dual-ground decision (substance and procedure) must be respected").

petitioner, generally does not excuse prompt filing.  <u>Fisher v.</u>
<u>Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531
U.S. 1164 (2001).  Courts have been loathe to excuse late filings
simply because a <u>pro</u> <u>se</u> prisoner misreads or misunderstands the
law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see</u>
<u>also</u> <u>Jones</u>, 195 F.3d at 159-60.

Therefore, this Court will dismiss Anderson's § 2254 habeas
petition as time-barred under 28 U.S.C. § 2244(d).

C.  <u>Motions for a Stay and Appointment of Counsel</u>

Because this Court has determined that the habeas petition
must be dismissed as time-barred, petitioner's motion for a stay
and abeyance of this action so that he can return to state court
to address a state constitutional issue, which he has not yet
filed in state court, and his motion for appointment of counsel,
are denied as moot.

IV.  <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of
appealability should issue.  <u>See</u> Third Circuit Local Appellate
Rule 22.2.  The Court may issue a certificate of appealability
only if the petitioner "has made a substantial showing of the
denial of a constitutional right."  28 U.S.C. § 2253(c)(2).
When a court denies a habeas petition on procedural grounds
without reaching the underlying constitutional claim, the
prisoner must demonstrate that jurists of reason would find it
debatable:  (1) whether the petition states a valid claim of the

18

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Id</u>. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). Petitioner's motions for a stay of habeas proceedings and for appointment of counsel are dismissed as moot. An appropriate order follows.

STANLEY R. CHESLER
United States District Judge

DATED: